■ IRVING CYMBLER, Appellant, v. SALLY CYMBLER, Respondent.— In an action for separation, the plaintiff husband appeals from a judgment of the Supreme Court, Queens County, dated May 29, 1973, which dismissed the complaint upon the trial court's oral decision rendered at the close of the testimony of plaintiff, the first witness. Judgment reversed, on the law, without costs, complaint reinstated and case remanded for a new trial before a Justice other than the one who tried this case. The only testimony adduced being to the effect that for a period of more than two years plaintiff was denied his right of consortium, a prima facie case of abandonment was shown (Hessen v. Hessen, 33 N Y 2d 406). The granting of a motion to dismiss for failure to establish a prima facie case was premature at this juncture, for plaintiff was then entitled to the advantage of every inference that could properly be drawn from the facts adduced. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.

■ HELEN DOBERLY, Appellant, v. JACK MILLER, Doing Business as MILLERS, Respondent.— In a negligence action to recover damages for personal injuries, the appeal is from so much of an order of the Supreme Court, Westchester County, dated October 30, 1973, as denied the branches of a motion by plaintiff which were to transfer the action to said court from the County Court, Westchester County, and to increase the ad damnum of the complaint from $10,000 to $50,000. Order reversed insofar as appealed from, with $20 costs and disbursements, and said branches of plaintiff's motion granted. On the facts presented, there was a sufficient showing to warrant the relief in question. Gulotta, P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.